IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAINE JOHNSTON and<br>MATTHEW MAZZIE,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CITY OF PITTSBURGH, PITTSBURGH OFFICER GARRETT BROWN, PITTSBURGH POLICE SERGEANT WILLIAM KUNZ, OFFICER THOMAS, OFFICER C. PERRY, OFFICER SNELTZ, OFFICER SLATCOFF, OFFICER M. AUGE, OFFICER D. NINO,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 12-1689<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Pending before this Court is Defendant's, City of Pittsburgh Police Sergeant William Kunz's Motion to Dismiss Plaintiffs' conspiracy claim. The Motion is fully briefed and therefore ripe for disposition. For the reasons stated below, the Defendant's Motion to Dismiss is denied.

**II. BACKGROUND**

Plaintiffs Blaine Johnston and Matthew Mazzie are individuals residing in Allegheny County, Pennsylvania. Defendants are Pittsburgh Police Officers of various ranks and the City of Pittsburgh. Plaintiff alleges that the instant action stems from the following altercation between Plaintiffs and Officer Brown:

1

On or about November 18, 2010 at approximately 3:30 AM[,] . . . Plaintiff Blaine Johnston was driving a rented delivery van eastbound on Fifth Avenue, approaching Morewood Avenue in the Oakland neighborhood of the City of Pittsburgh with Plaintiff Matthew Mazzie as his passenger, on his way to Children's Hospital of Pittsburgh with a delivery of baked goods from a local bakery.  At approximately the same time, Defendant Garrett Brown was traveling westbound in the same vicinity of Fifth Avenue.  Officer Brown's dark colored pick[-]up truck was not marked as a police vehicle and appeared to be a private vehicle. . . . Mr. Johnston made a careful, safe and lawful left-hand turn onto Morewood Avenue prior to Officer Brown entering the intersection of the two roads.  Officer Brown abruptly stopped[,] . . . turned right onto Morewood Avenue and began to follow Plaintiffs' vehicle. . . . [Officer Brown then] overtook Plaintiffs' vehicle on the left and yelled at them, then pulled behind Plaintiffs, overtook them again and threw a handful of coins at Plaintiff's vehicle as they continued to drive on Morewood Avenue.

While Plaintiffs were stopped at a subsequent traffic light, Officer Brown pulled up on their left side and exited his vehicle and approached Plaintiffs' vehicle yelling profanities at them[,] . . . and on at least one occasion, reached behind him placing his hand at his waistband. . . . Officer Brown was dressed in civilian clothes.  He did not, at any time, announce or identify himself as a Police Officer and Plaintiffs were unable to see a badge, uniform or other indication that Officer Brown was a Pittsburgh Police Officer.

Officer Brown punched and broke the driver's side mirror, punched the driver's side window, punched the back side of Plaintiffs' truck then opened the driver's side door and violently grabbed Mr. Johnston by his left arm.  Plaintiffs immediately drove away from the scene and turned left on Baum Boulevard.  Officer Brown pursued.  Officer Brown overtook Plaintiffs' vehicle again on Baum Boulevard then . . . drove the right (passenger) side of his vehicle into the left (driver) side of Plaintiffs' vehicle, . . . and forcing Plaintiffs' vehicle off the right side of the road and onto the adjacent sidewalk. . . . Officer Brown then exited his vehicle and again approached Plaintiffs' vehicle.  [Plaintiffs allege that o]ut of fear for their safety, and in an effort to escape, Mr. Johnston immediately backed the delivery van clear of Officer Brown's vehicle, catching the passenger side rear bumper and nearly tearing it from Brown's vehicle.  Plaintiffs drove away from the scene and headed to Children's Hospital of Pittsburgh.  Officer Brown pursued.  Mr. Mazzie called "911" from his cellular phone to advise police authorities of Officer Brown's actions and requested that Pittsburgh Police officers meet them at Children's Hospital.  Officer Brown followed Plaintiffs to Children's [H]ospital and parked behind Plaintiffs.

Upon arrival[,] Mr. Johnston advised the Children's Hospital security guard of the events.  The security guard spoke briefly to Officer Brown then informed Plaintiffs that he [Officer Brown] was a City of Pittsburgh Police Officer.  The first responding Pittsburgh Police Officer spoke briefly to Plaintiffs

>and received their account of events. Sgt. Kunz arrived at Children's Hospital and took over the scene. Several additional uniformed Pittsburgh Police Officers also arrived, including but not limited to, Officers Thomas, C. Perry, C. Sneltz, Slatcoff, M. Auge and D. Nino. Sgt. Kunz took a brief statement from Mr. Johnston and Mr. Mazzie who advised him of events as stated above. Sgt. Kunz and other officers then engaged in a lengthy conversation with Officer Brown[.] . . . [Plaintiff alleges that during this conversation] Defendants . . . conferred and conspired to prevent Officer Brown from facing department internal discipline, civil and criminal liability and to aid [Officer Brown] in making and collecting an automobile insurance claim. Officer Brown told Sgt. Kunz that Plaintiffs had rear ended his vehicle as he was stopped in the curb lane. Sgt. Kunz, and other officers at the scene, observed, examined and photographed the vehicle damage[.] …
>
>On or about November 19, 2012, Sgt. Kunz swore an Affidavit of Probable Cause, based upon Brown's Statement, which [Plaintiff alleges] he knew to be false, and filed a Criminal Complaint, and a Summons and/or Warrant for the arrest of Blaine Johnston for an alleged violation of 75 P.S. §3743(a), Accidents Involving Damage to Attended Vehicle or Property, a misdemeanor of the third degree, punishable by a fine of $2500 or imprisonment for not more than one year, or both. [Plaintiff claims that] Defendants refused to investigate Plaintiffs' claims that Officer Brown had run [Plaintiffs] off the road and used excessive force.

Compl. [ECF No. 1] at ¶¶16-35. Plaintiff Johnston pled not guilty and the charges were ultimately dropped against him and the case dismissed. *Id*. at ¶36. Officer Brown was subsequently criminally charged for his conduct.[1] *Id*. at ¶38.

Plaintiffs claim that "Defendants had actual and/or constructive knowledge of Officer Brown's history and propensity, while off duty, to make unwarranted and unlawful vehicle stops and arrests without reasonable suspicion or cause and to employ excessive force[.]" *Id*. at ¶39. In support of this contention, Plaintiff claims that Defendants knew that "Officer Brown had amassed a significant history of using excessive force and abusing his authority as a Police Officer," and points to several incidents including:

---

[1] Defendant Brown is currently awaiting state court charges of Theft by Deception (18 Pa.C.S.A. § 3922(A)(1)), False, Fraudulent or Incomplete Insurance Claim (18 Pa.C.S.A. § 3922(A)(2)), False Report-Falsely Incriminating Another (18 Pa.C.S.A. § 4906(A)), and two counts of Recklessly Endangering Another Person (18 Pa.C.S.A. § 2705).

3

> In 2010, . . . the City of Pittsburgh and Officer Brown settled a federal lawsuit filed by a dump truck driver who alleged that on January 19, 2008 at approximately 2:30 a.m., Officer Brown, while off duty, and driving a dark pickup truck, abruptly pulled in front of the dump truck on an angle and stopped, nearly causing a collision, and ordered the driver from his truck. Officer Brown . . . roughly handcuffed and slammed the truck driver against the side of the dump truck, then grabbed him by the throat and threatened him with electric shock from a Pittsburgh Police-issued taser. The driver was released when uniformed officers arrived and neither Brown [n]or the responding officers issued a citation or reported the incident.

*Id*. at ¶40(a). Plaintiff also claims that in January 2009, Officer's Brown was subject to a Protection from Abuse Petition filed by his girlfriend due to a domestic dispute in which the Pittsburgh police were called to the scene, but never issued a citation or reported the incident. *Id*. at ¶40(b).

On November 16, 2012, Plaintiffs filed the instant complaint alleging Defendants violated their rights, privileges and immunities secured to them by 42 U.S.C. §1983, violated the Fourth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities provided to them by the Pennsylvania Constitution including the right to be free from unreasonable search and seizure, the right to be free from unreasonable force and/or unwarranted use of force, the right of protection from cruel and unusual punishment and the right to due process of law, that Officer Brown committed assault and battery against them, and that Officer Brown, Sergeant Kunz and the City of Pittsburgh maliciously prosecuted Plaintiff Johnston. *Id*. at ¶¶44(f), 63-67, 68-76.

Defendant Sergeant Kunz filed the instant Motion to Dismiss [ECF No. 8] on January 3, 2013 arguing that "Plaintiffs failed to allege sufficient facts to create a cause of action for conspiracy against Defendant Kunz and therefore this claim and this Defendant must be dismissed." Mot. to Dis. [ECF No. 8] at ¶6.

## III.   JURISDICTION

As Plaintiffs invoke claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, jurisdiction is proper under 28 U.S.C. § 1331.

## IV.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inference must be drawn in favor of them. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (quotation marks omitted)).

## V.   ANALYSIS

Defendant's Motion to Dismiss alleges one basis for dismissal: the conspiracy claim

against Sergeant Kunz fails because it does not state a claim under Federal Rule of Civil Procedure 12(b)(6). While Plaintiffs loosely use the term "conspiracy" in their complaint to describe actions of the officers, they do not explicitly allege or include a claim for conspiracy under 42 U.S.C. § 1983. However, in responding to the Defendant's Motion to Dismiss, Plaintiffs allege that they have stated a claim for conspiracy under 42 U.S.C. § 1983 and the count should not be dismissed. Federal Rule of Civil Procedure 15(a) gives a party wide latitude to amend a pleading, and requires the court to "freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, because Defendant argues that conspiracy is a claim in the complaint and Plaintiffs concede by addressing this argument in its Response, Plaintiff's complaint will be read to include a claim for conspiracy under 42 U.S.C. § 1983.

"In order to prevail on a conspiracy claim under [section] 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right. . . ." *Watson v. Sec'y Pa. Dept. of Corr.*, 436 Fed.App'x 131, 137 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999) *superseded by statute on other grounds as stated in P.P. v. West Chester Area Sch. Dist*., 585 F.3d 727, 730 (3d Cir. 2009)). Because "the linchpin of a conspiracy claim is agreement, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a federally protected right." *Laurensau v. Folino*, 2012 WL 4508140, *7-9 (W.D.Pa. Sept. 28, 2012) (quoting *Watson*, 2011 WL 2678920, at *6; *Adee v. Beard*, 2012 WL 383622, at *7 (M.D.Pa. Feb. 6, 2012) (quotation marks omitted)). *See also Starzell v. City of Phila*., 533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adiekes v. S.H. Kress & Co*., 398 U.S. 144 (1970) (a finding of conspiracy necessitates a "meeting of the minds").

To adequately allege conspiracy, a plaintiff must set forth facts showing that "(1) the conduct that violated the plaintiff's rights, (2) the time and place of the conduct, and (3) the identity of the officials responsible for the conduct." *Adee*, 2012 WL 383622, at *7 (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir. 1990)). "Sufficiently particularized pleadings will [also] include '(1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose.'" *Houghton v. Dauphin Cnty. Emergency Mgmt. Agency*, 2007 WL 1200133, at *3 (M.D.Pa. April 20, 2007) (quoting *Aguilar v. Pa. Apple Mktg. Program*, 2006 WL 167820, at *5 (M.D.Pa. Jan. 19, 2006)).

Defendant Sergeant Kunz challenges the "conspiracy" claim for the limited reason that Plaintiff has not adequately pled the "agreement" element of conspiracy. Therefore, the Court will only discuss whether it can be inferred from the complaint that the officers engaged in an "agreement" for the purposes of pleading a claim of conspiracy under 42 U.S.C. § 1983. Because of Defendant's limited challenge, the Court will not determine whether both Plaintiffs have adequately shown that Defendants deprived them of a federally protected right.

Reading the complaint as true, and drawing all reasonable inferences from it, (as the court must at this stage) Plaintiffs have adequately alleged that Defendants had a meeting of the minds and came to an agreement to conspire against Plaintiffs. Plaintiffs allege that when arriving on the scene, the officers, including Sergeant Kunz, "engaged in a lengthy conversation with Officer Brown" concerning the incident after only briefly speaking with Plaintiffs. Moreover, the Plaintiffs claim that it was after this conversation that a false police report was filed against Plaintiff Johnston which led to a warrant for his arrest for leaving the scene of an accident. It can be reasonably inferred from the complaint that because Officer Brown was a Pittsburgh Police Officer, the other officers, including Sergeant Kunz agreed to not investigate Plaintiffs' claims to

conceal Officer Brown's culpability, falsified a police report concerning the incident, and issued a warrant for Plaintiff Johnston's arrest thus leading to subsequent criminal proceedings. Therefore, Plaintiffs have adequately pled "agreement" necessary to survive Defendant's Motion to Dismiss.

## VI.   CONCLUSION

For the reasons stated above, Defendant's, Sergeant Kunz's, Motion to Dismiss is denied. An appropriate Order follows.

Dated: March 14, 2013

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAINE JOHNSTON and MATTHEW MAZZIE, ) ) ) Plaintiffs, ) ) vs. ) ) CITY OF PITTSBURGH, PITTSBURGH ) OFFICER GARRETT BROWN, ) PITTSBURGH POLICE SERGEANT ) WILLIAM KUNZ, OFFICER THOMAS, ) OFFICER C. PERRY, OFFICER ) SNELTZ, OFFICER SLATCOFF, ) OFFICER M. AUGE, OFFICER D. ) NINO, ) ) Defendants. ) | Civil Action No. 12-1689 |

## **O R D E R**

AND NOW this 14th day of March, 2013, upon consideration of Defendant's Pittsburgh Police Sergeant William Kunz's Motion to Dismiss [ECF No. 8], Defendant's Brief in Support [ECF No. 9], and Plaintiff's Response [ECF No. 12] and Brief in Support [ECF No. 13],

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant's Answer to the Complaint shall be filed by April 4, 2013.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: All counsel of record via CM/ECF