IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BLAINE JOHNSTON and       )
MATTHEW MAZZIE,         )
           Plaintiffs,      )
                               )
     vs.                    )      Civil Action No. 12-1689
                               )
CITY OF PITTSBURGH, PITTSBURGH   )      Magistrate Judge Robert C. Mitchell
OFFICER GARRETT BROWN, and   )
PITTSBURGH POLICE SERGEANT   )
WILLIAM KUNZ            )
           Defendants.    )


## <u>MEMORANDUM OPINION</u>


### I.     INTRODUCTION

Presently for disposition is Defendants' Pittsburgh Police Sergeant William Kunz and the City of Pittsburgh's joint motion for summary judgment. [ECF No. 55]. For the following reasons, Defendants' motion is granted in part and temporarily denied in part.[1]

### II.     BACKGROUND

Plaintiffs Blaine Johnston and Matthew Mazzie are individuals residing in Allegheny County, Pennsylvania. Defendants are the City of Pittsburgh (the "City"), Pittsburgh Police Officer Garrett Brown ("Officer Brown") and Pittsburgh Police Sergeant William Kunz ("Sergeant Kunz"). The instant action stems from an altercation that took place between

---

[1] All other parties, with the exception of Pittsburgh Police Officer Garrett Brown have been dismissed from the suit. Additionally, all represented parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636, and default has been entered as to Officer Brown. *See* Consent to Magistrate Judge Jurisdiction by William Kunz [ECF No. 17]; Consent to Magistrate Judge Jurisdiction by the City of Pittsburgh [ECF No. 16]; Consent to Magistrate Judge Jurisdiction by Blaine Johnston and Matthew Mazzie [ECF No. 15]; Clerk's Entry of Default against Officer Brown [ECF No. 37]. Therefore, this Court has the ability to decide dispositive motions, and to enter [eventually] final judgment in this matter.

Plaintiffs and Officer Brown on November 18, 2010 at approximately 3:30 AM. Plaintiff Johnston was driving a delivery van eastbound on Fifth Avenue in the Oakland neighborhood in Pittsburgh, Pennsylvania with Plaintiff Mazzie as his passenger. Plaintiffs were en route to deliver baked goods from a local bakery to Children's Hospital of Pittsburgh. At the same time, Officer Brown, off-duty at the time, was traveling westbound on Fifth Avenue in the same vicinity as Plaintiffs. Officer Brown was driving a dark colored pick-up truck that was not marked as a police vehicle. The following is Plaintiffs' account of the events that occurred. Plaintiffs claim that Plaintiff Johnston was making a left-hand turn onto Morewood Avenue and Officer Brown was traveling at an excessive rate of speed coming toward the Plaintiffs in the opposite direction. After Plaintiffs made the left-hand turn, Officer Brown began to follow Plaintiffs' vehicle. Officer Brown then overtook Plaintiffs' vehicle on the left hand side by entering the opposing traffic lane and yelled profanities at Plaintiffs. Officer Brown then pulled his vehicle back behind Plaintiffs' vehicle, overtook them again and threw a handful of coins at Plaintiffs' vehicle as the parties continued driving on Morewood Avenue. Plaintiffs and Officer Brown came to a subsequent traffic light and Officer Brown exited his vehicle and approached Plaintiffs' car, again yelling profanities at Plaintiffs and at one point reached behind him and placed his hand on his waistband while walking toward Plaintiffs' vehicle. Officer Brown then punched and broke the driver's side mirror with his fist, punched the driver's side window, punched the back side of Plaintiffs' van, opened the driver's side door and violently grabbed Plaintiff Johnston by his left arm. Plaintiffs immediately drove away and turned left onto Baum Boulevard. Officer Brown pursued. Officer Brown again overtook Plaintiff's vehicle and drove the right side of his vehicle into the left driver side of Plaintiffs' vehicle thereby forcing Plaintiffs' vehicle off of the road and onto the adjacent sidewalk. Officer Brown again exited his

vehicle and approached Plaintiffs' vehicle. In an effort to escape, Plaintiff Johnston immediately reversed the van, and in doing so, collided with Officer Brown's side rear bumper and nearly tore it from Officer Brown's vehicle. Plaintiffs drove away from the scene to their original destination of Children's Hospital of Pittsburgh, which Officer Brown again followed. Plaintiff Mazzie contacted "911" from his cellular phone to report the incident and to request an officer to meet Plaintiffs at Children's Hospital. Officer Brown followed Plaintiffs to Children's Hospital and parked his vehicle behind Plaintiffs. It is undisputed that at no time during this altercation did Officer Brown announce or identify himself as a police officer and Plaintiffs did not witness a badge, uniform or other indication that he was a police officer. While there is no testimony of record on behalf of Officer Brown, he generally alleges (as evidenced by the police report authored by Sergeant Kunz) that Plaintiffs hit him from behind while he was stopped at a stop light and fled from the scene. Apparently Officer Brown also contacted "911" to report the incident.

Upon arrival at Children's Hospital, Plaintiffs informed a security guard of the events that took place. The security guard spoke to Officer Brown briefly and then informed Plaintiffs that Officer Brown was a City of Pittsburgh Police Officer. Pittsburgh Police officers arrived at the scene shortly thereafter. Officer Perry was the first to arrive to the scene. Plaintiffs allege that they informed Officer Perry of their account of the road rage incident and that Brown had rammed their car and tried to run them off of the road and they fled the scene of the accident because they were in fear for their safety and lives.[2] Subsequently, Defendant Sergeant Kunz arrived at the scene and took a brief statement from Plaintiffs. Plaintiffs allege that the only

---

[2]    Plaintiff Johnston – who claims Officer Brown opened the door and grabbed his arm to pull him out of the vehicle – had previously suffered a brain aneurism, and had a surgical clip placed in his brain to regulate blood flow to his brain. Plaintiff Johnston testified that any rough physical contact with his skull could be potentially fatal to him and he feared for his life.

question that Sergeant Kunz asked them was why they rear ended Officer Brown's vehicle, he quickly inspected Plaintiffs' vehicle and continued speaking with Officer Brown. Sergeant Kunz and other police officers who had arrived at the scene then engaged in a lengthy conversation with Officer Brown. Plaintiffs allege that during this conversation, the Defendants conferred and conspired to prevent Officer Brown from facing department internal discipline, civil and criminal liability for his road rage incident and subsequently aided Officer Brown in making and collecting an automobile insurance claim.

On or about November 19, 2012, Sergeant Kunz swore an Affidavit of Probable Cause, based upon Officer Brown's statement, which Plaintiffs allege he knew to be false, and filed a criminal complaint and summons and/or warrant for the arrest of Plaintiff Johnston for an alleged violation of 75 P.S. § 3743(a), titled "Accidents Involving Damage to Attended Vehicle or Property," a misdemeanor of the third degree, punishable by a fine of $2,500 or imprisonment of not more than one year, or both.[3] Plaintiffs claim that Defendants refused to investigate their claims that Officer Brown had acted in a violent and aggressive manner, rammed into Plaintiffs' vehicle and ran Plaintiffs off of the road.

Plaintiff Johnston pled not guilty to the charge filed against him. The charge was ultimately dropped against him and the criminal case dismissed because Officer Brown failed to appear at several preliminary hearings.

As a result of the events that occurred with Plaintiffs, Officer Brown was criminally charged with the following: Theft by Deception (18 Pa.C.S.A. § 3922(A)(1)), False, Fraudulent or Incomplete Insurance Claim (18 Pa.C.S.A. § 3922(A)(2)), False Report-Falsely Incriminating Another (18 Pa.C.S.A. § 4906(A)), and two counts of Recklessly Endangering Another Person

---

[3] This crime is also colloquially referred to as leaving the scene of an accident without exchanging information.

4

(18 Pa.C.S.A. § 2705). *See also* Defs.' Br. in Supp. of Mot. for Summ. J. Ex. D Allegheny County Criminal Docket No. CP-02-CR-0001768-2012 [ECF No. 56-4]. Officer Brown was acquitted of all charges on May 20, 2013 following a jury trial. Sergeant Kunz testified for the prosecution against Officer Brown at his criminal trial.

The City subsequently terminated Officer Brown as a police officer, but he was later reinstated by the arbitrator because the arbitrator found that Officer Brown was not on duty at the time of the incident and was therefore not acting under color of state law. See Arbitrator Opinion, [ECF No. 56-7].

Plaintiffs filed the instant action in this Court on November 16, 2012 alleging the following claims against, *inter alia,* the City and Sergeant Kunz[4]: 42 U.S.C. § 1983 claim for violations of their Fourth and Fourteenth Amendment rights, 42 U.S.C. § 1983 claim for malicious prosecution of Plaintiff Johnston by Sergeant Kunz, and indemnification. Additionally, this Court construed Plaintiffs' complaint as alleging a claim for conspiracy under 42 U.S.C. § 1983. As for the section 1983 claim against the City, Plaintiffs claim that the City had actual or constructive knowledge of Officer Brown and Sergeant Kunz's propensity to make unwarranted and unlawful vehicle stops and arrests, often while off duty, without reasonable suspicion or cause and their propensity to utilize excessive force and that the City failed to adequately investigate, train or discipline Officer Brown and adequately deter and prevent his improper and unlawful behavior. Plaintiffs claim that the City's conduct in this circumstance is part of a wide-ranging acquiescence on the City's behalf to fail to train its officers such that it maintained an official policy and/or custom that condoned police misconduct. Specifically, Plaintiffs maintain that the City failed to properly train, supervise and discipline Officer Brown

---

[4] Because Officer Brown is not the subject of the present motion, the claims brought against him by Plaintiffs will not be discussed.

and Sergeant Kunz with regard to the unauthorized vehicle stops and use of excessive force and to prevent a code of silence that discourages and prevents officers from relating information to authorities concerning the improper conduct of other officers who engaged in improper vehicle stops, used excessive force, maliciously prosecuted citizens or abuse the legal process and authority of their positions as police officers.

On February 11, 2013, the City filed its Answer and Affirmative Defenses and on March 14, 2013 this Court denied Sergeant Kunz's Motion to Dismiss. *See* Def.'s Ans. [ECF No. 18]; Memo. Op. and Order [ECF No. 22]. Default was entered against Officer Brown on May 13, 2013. Clerk's Entry of Default [ECF No. 34]. As of this date, Officer Brown has not attempted to lift the entry of default against him or has entered his appearance in this case.

On February 21, 2014, the City and Sergeant Kunz (collectively "Defendants") filed a joint motion for summary judgment as to all claims set forth by Plaintiffs. Defs.' Mot. for Summ. J. [ECF No. 55]. Defendants offer the following arguments in support of their motion for summary judgment: (1) that plaintiffs have failed to establish that the actions taken by Officer Brown were taken under the color of law and therefore do not create liability on the City; (2) plaintiffs failed to establish a *Monell* theory of liability based on any action, custom or policy by the City; (3) plaintiffs have failed to produce any evidence supporting a malicious prosecution cause of action; (4) plaintiffs have failed to produce any evidence to establish a cause of action for conspiracy; (5) plaintiff Mazzie has not produced evidence that his constitutional rights were violated, or that he incurred damages based on the defendants' conduct; and (6) Sergeant Kunz is entitled to qualified immunity. Each argument will be addressed in turn.

III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "there is

no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party is entitled to summary judgment if he demonstrates that "the nonmoving party has failed to make a sufficient showing of an essential element of [his] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party bears the burden of adducing palpable evidence "establishing that there is a genuine factual dispute for trial" and may not merely rely upon "bare assertions or conclusory allegations" to survive summary judgment. *Hogan v. Twp. of Haddon*, 278 F.App'x 98, 101 (3d Cir. 2008) (citing *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied [only] when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if proof of its existence or non-existence might affect the outcome of the case. *Anderson,* 477 U.S. at 248. Thus, the dispute must be material, by affecting the outcome of the case, and must be genuine, meaning there is evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F.Supp.2d 402, 407 (E.D.Pa. 2000). The court should draw inferences "in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) *cert. denied* 507 U.S. 912 (1993).

## IV.    DISCUSSION

### 1.    42 U.S.C. § 1983

Plaintiffs claim that their Fourth and Fourteenth Amendment rights have been violated by

Defendants and bring a section 1983 claim against Defendants for Officer Brown's conduct during the incident and Sergeant Kunz's response and handling of the investigation. Because Officer Brown is not subject to the instant motion for summary judgment, and default has been entered against him, the claim relating to Officer Brown involves whether the City is entitled to summary judgment under a *Monell* theory of liability for his actions during the incident. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

   *a. Officer Garrett Brown*

   Section 1983 provides a remedy for the violation of rights created by federal law and states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. To state a *prima facie* case under section 1983 requires that the Plaintiffs demonstrate that (1) the wrongful conduct was committed by a person acting under color of state law and (2) that the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Here, the threshold issue is whether Officer Brown was acting under color of state law during the incident.

   The United States Supreme Court has determined that acting under color of state law in a section 1983 action requires that the defendant exercised "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Therefore, acts performed by a state or local employee undertaken in his official capacity will "generally be

found to have occurred under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994). This principle also applies when the conduct complained of "was in furtherance of the state's goals or constituted an abuse of official power." *Id.* (citing *West*, 487 U.S. at 49-50).

Additionally, acting under the "color" of law also includes acting under the "pretense" of law. *Barna*, 42 F.3d at 816 (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)). "Thus, one who is without actual authority, but who purports to act according to official power, may also act under color of state law." *Id.* (citing *Griffin v. Maryland*, 378 U.S. 130, 135 (1964)). In this situation

> [i]f an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity. In this same vein, off-duty police officers who purport to exercise official authority will generally be found to have acted under color of state law. Manifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations.

*Barna*, 42 F.3d at 816 (citations omitted). To the contrary, "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Id.* (citations omitted). *See also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997) ("a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law); *Thomas v. Thomas*, 529 F. App'x 181, 183 (3d Cir. 2013) (same).

Here, it is undisputed that Officer Brown in no way acted under color of state law. He did not identify himself as a police officer, attempt to use handcuffs, or arrest Plaintiffs, use or attempt to use any service weapon, or utilize his police badge. While Plaintiffs argue that

Officer Brown "seemed" to be a police officer, there is no evidence that independently shows that Officer Brown was acting under the pretense of the law.[5]  To the extent that Plaintiffs argue that Officer Brown undertook his official duties when he attempted to pull over the car and attempted to have Plaintiff Johnston step out of the vehicle, it is undisputed that Officer Brown at no time referred to himself as a police officer or that he was acted pursuant to some police powers.  As Plaintiffs allege, Officer Brown rammed into their vehicle, ran Plaintiffs off of the road and attempted to pull Plaintiff Johnston out of the driver's side window – conduct generally inconsistent with a traffic stop.  While Officer Brown may have exuded conduct consistent with a road rage incident, Officer Brown did nothing to purport to be acting under color or pretense of state law or his duties as a police officer.  Indeed, Plaintiffs only learned that Officer Brown was a City of Pittsburgh Police Officer after the incident occurred and the Children's Hospital security guard informed them of such.  Brown was engaged in a purely private altercation with Plaintiffs and was not acting under color or pretense of state law at the time of the incident. Because there is no evidence that Officer Brown was acting under color of state law at the time of the road rage incident, there is no basis for municipal liability under section 1983 and the City is entitled to summary judgment as to that claim. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (where an officer inflicts no constitutional harm against the plaintiff, there is no municipal liability).

Accordingly, the City is granted summary judgment on any section 1983 claim as to Officer Brown's conduct as there is no evidence supporting that claim and a reasonable jury could not find that he was acting under color of law.

---

[5]     Plaintiffs also argue that the entry of default against Officer Brown serves to admitting to acting under color of state law somehow imputes liability to the City under that same notion is legally illogical.  Officer Brown's admissions under operation of Federal Rule of Civil Procedure 8 are not imputed to the City, who denied such allegations in its Answer.

*b. Sergeant William Kunz*

Plaintiffs allege that Sergeant Kunz violated Plaintiffs due process rights under the Fourteenth Amendment by failing to adequately investigate claims surrounding the incident and practicing a code of silence as to incidents involving off-duty police officers. Additionally, Plaintiffs claim that this "code of silence" was widespread such that it became customary within the City of Pittsburgh Police Department, and the City should bear municipal liability under *Monell* for failure to adequately train, supervise, and/or discipline City of Pittsburgh Police Officers. Plaintiff Johnston also brings a claim against the Defendants under section 1983 for malicious prosecution.

The City argues that it is entitled to summary judgment, as Plaintiffs have failed to provide evidence of any City policy, custom or practice that violated their rights in connection with Sergeant Kunz's conduct. It must first be noted that while Sergeant Kunz has generally joined in Defendants' motion for summary judgment, at no time is it argued in briefing that he alone is entitled to summary judgment for a Fourteenth Amendment violation. Therefore, to the extent that Defendant Kunz seeks summary judgment for a Fourteenth Amendment violation through section 1983, said motion is temporarily denied, and parties are to submit briefing on this limited issue consistent with the attendant Order.

To recover from a local municipality for a section 1983 action, a plaintiff must:

> (1) Identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.

*Trice v. City of Harrington Police Dept*., 2012 WL 70838 (D.Del. 2012) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997)). A municipal entity "can only be liable when the

alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). "That is, generally a custom must be shown to be a pattern; more than a 'single incident will be necessary to establish a causal connection between the incident and some municipal policy." *Schmidt v. Freeland*, 2012 WL 911840, at * 2 (March 16, 2012) (quoting *Brown v. City of Pittsburgh*, 586 F.3d 263, 293 (3d Cir. 2009)). Mere allegations that a municipality had a custom of ignoring constitutional rights are insufficient to bring a *Monell* claim. *See McTernan*, 564 F.3d at 657; *Lapella v. City of Atlantic City*, 2012 WL 295411, at *6 (July 18, 2012); *Pondexter v. Allegheny Cnty.*, 2012 WL 628494, at *6 (Feb. 27, 2012) ("Plaintiff has also not set forth any evidence of incidents that have occurred in the past to prove some pattern of conduct that could establish a discriminatory custom or policy of Allegheny County directed at him."). Simply stated, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributable to a municipal policymaker." *City of Oklahoma v. Turtle*, 471 U.S. 808, 823-24 (1985).

Here, it is undisputed that Sergeant Kunz was acting under color of state law, as he was responding to the scene of an accident in his capacity as an on-duty City police officer and was acting within his scope of employment. The City argues that Plaintiffs must identify a specific City policy, custom or practice that violated the Plaintiffs' rights, and because Plaintiffs were unaware of Sergeant Kunz's background or propensity to misconstrue accident scenes involving other police officers that Plaintiffs' claim against the City fails.

As to the City's claim that a policy or practice under a *Monell* theory of liability has not been adequately shown through evidence, the Court agrees and will grant summary judgment in favor of the City for Plaintiffs' claims involving Sergeant Kunz. While Plaintiffs allege that the relevant custom in place was the City's failure to adequately train, supervise and/or discipline officers in connection with the inadequate investigation of incidents involving police officers, they fail to allege how this infringes upon their constitutional rights or how this custom was so widespread as to constitute "unofficial policy" of the City. Plaintiffs cite to no incident other than their own for this proposition. The Court notes that while the record is replete with Office of Municipal Investigations ("OMI") reports pertaining to complaints filed against Officer Brown relating to excessive force, there is no evidence of record suggesting that complaints had been filed regarding an officer's failure to report or misreporting incidents involving other police officers. While such a statement that this "code of silence" is pervasive throughout the police department would suffice under a Federal Rule of Civil Procedure 12(b)(6) standard, it is not enough to survive summary judgment where the burden is on the non-moving parties to bring forth concrete evidence before the Court supporting their claims. Because municipalities cannot be held responsible for the acts of their employees under a respondeat superior theory, the acts of Sergeant Kunz, insofar as they are supported by adequate evidence, cannot be imputed toward the City to hold the City responsible for his actions. *See Connick v. Thompson*, 131 S.Ct. 1350 (2011). Accordingly, the City's motion for summary judgment as to a section 1983 claim is granted.

2.  Malicious Prosecution under 42 U.S.C. § 1983

Defendants move for summary judgment as to Plaintiff Johnston's claim for malicious

prosecution under section 1983.[6]

To prevail on a Fourth Amendment malicious prosecution claim under section 1983, Plaintiff Johnston must establish:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, --- F.3d ---, ---, 2014 WL 1622769, at *17 (3d Cir. April 24, 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).

Here, Defendants argue that "Plaintiff[] failed to establish that probable cause did not exist for that charge . . . [and] any damages caused by these charges were de minimus (sic) in nature." Defs' Br. in Supp. of Mot. for Summ. J. [ECF No. 56] at 10-11.

Probable cause for a charge exists where "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). The question is "whether, looking at the totality of the circumstances at the time of the arrest, 'the objective facts available to the officers . . . were sufficient to justify a reasonable belief that an offense [had been] committed.'" *Id.* (quoting *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984)). An officer may be "liable for civil damages for an arrest if 'no reasonable competent officer' would conclude that probable cause exists.'" *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) (quoting *Wilson v.*

---

[6]     While Defendants argue that they are entitled to a claim for malicious prosecution brought by Plaintiff Mazzie, this ignores the fact that Plaintiff Mazzie does not bring a claim for malicious prosecution, therefore Defendants' motion for summary judgment on this point is moot.

*Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (additional citations omitted)). Thus, if an officer fails to disclose exculpatory evidence or makes false or misleading reports to the prosecutor or omits material information from the reports or "otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute[,]" he is liable for malicious prosecution. *Lennon v. Sharon Hill Borough*, 2014 WL 1395038, at *5 (E.D.Pa. Apr. 10, 2014) (citations omitted). This conduct implicates the Fourth Amendment when a government official "deliberately or recklessly provides false, material information for use in an affidavit" in support of a warrant. *Id.* (quoting *Hart v. O'Brien*, 127 F.3d 424, 448-49 (5th Cir. 1997)). Specifically, in *Cooper v. City of Chester*, 2013 WL 925067, at *3 (E.D.Pa. Mar. 11, 2013), police officers were denied summary judgment where the plaintiff produced evidence that officer who completed an affidavit of probable cause had "failed to disclose material information that contradicted the [arresting officer's] account of the events." *Id.* The court determined that officers can be liable for malicious prosecution for initiating a prosecution of a person through false statements and material omissions in the affidavit of probable cause. *Id.*

Here, there is enough evidence for a reasonable jury to conclude that Sergeant Kunz lacked probable cause in issuing his affidavit of probable cause, criminal complaint and warrant for Plaintiff Johnston's arrest because he failed to disclose material information that contradicted Officer Brown's version of the events. A reasonable jury could find that Sergeant Kunz acted knowingly or with reckless disregard for the truth by not including Plaintiffs' statement of events in the incident report or by failing to obtain a statement of event from Officer Perry who interviewed Plaintiffs at the scene of the incident. This omission could have otherwise interfered with the prosecutor's ability to exercise independent judgment to charge Plaintiff Johnston with leaving the scene of an accident. While Defendants argue that Plaintiff's side of the story is

merely a defense to the crime and that Plaintiff admitted leaving the scene of the accident constitutes probable cause is inapposite.  It is the fact that Sergeant Kunz knowingly or recklessly omitted from the affidavit of probable cause and police report <u>any</u> version of Plaintiffs' events that occurred.

Next, Defendants argue that Plaintiff Johnston failed to produce evidence of a deprivation of liberty, as he was only required to appear for trial for the citation.  Unfortunately for Plaintiff Johnston, the Court agrees with Defendants' argument that his liberty was not deprived as to constitute a Fourth Amendment violation.  To rise to the level of a Fourth Amendment violation in support of a section 1983 malicious prosecution action, the plaintiff must show onerous pretrial restrictions in lieu of actual detention. *See DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005).  The Court of Appeals for the Third Circuit in *DiBella* found that where plaintiffs were issued a summons, not arrested, never posted bail, were permitted to travel, did not have to report to pretrial services and their liberty was restricted only during the time of the municipal court trials, they could not state a claim for a Fourth Amendment violation through section 1983.  *Id*. at 603.

The same reasoning applies here.  The only time Plaintiff Johnston's liberty was restricted was when he had to travel to municipal court three separate times to attend his preliminary hearing and hired an attorney to do so.  Such a restriction under the applicable and binding case law does not give rise to a Fourth Amendment violation.

Accordingly, Sergeant Kunz must be granted summary judgment in his favor for Plaintiff's claim of malicious prosecution.  To the extent that Plaintiff Johnston claims that the City is liable for malicious prosecution under *Monell* theory of liability, such as claim is dismissed as there is no underlying constitutional violation to impute to the City. *See Heller*, 475

U.S. at 799.

### 3. Conspiracy under 42 U.S.C. § 1983

To adequately allege conspiracy under 42 U.S.C. § 1983, a plaintiff must set forth facts showing that "(1) the conduct that violated the plaintiff's rights, (2) the time and place of the conduct, and (3) the identity of the officials responsible for the conduct." *Adee v. Beard*, 2012 WL 383622, at *7 (M.D.Pa. Feb. 6, 2012) (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir. 1990)). "Sufficiently particularized pleadings will [also] include '(1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose.'" *Houghton v. Dauphin Cnty. Emergency Mgmt. Agency*, 2007 WL 1200133, at *3 (M.D.Pa. April 20, 2007) (quoting *Aguilar v. Pa. Apple Mktg. Program*, 2006 WL 167820, at *5 (M.D.Pa. Jan. 19, 2006)).

Generally, Plaintiffs argue that Defendants conspired to cover up the events that happened on the date of the incident. Plaintiffs claim that their Fourth Amendment rights were violated when Officer Brown unlawfully stopped Plaintiffs and used excessive force. However, because any Fourth Amendment claim has been dismissed against all Defendants as Officer Brown was not acting under color of law, it is likewise found here that Defendants cannot be liable for a conspiracy to deprive Plaintiffs of their constitutional Fourth Amendment rights, as these rights have not been implicated. Additionally, to the extent that Plaintiff Johnston argues a Fourth Amendment claim against Sergeant Kunz, because Johnston's deprivation of liberty did not rise to the level of a Fourth Amendment violation, Plaintiff Johnston cannot state a claim for conspiracy to deprive him of his Fourth Amendment rights. Accordingly, Defendants' motion for summary judgment on Plaintiffs' claim of conspiracy is granted.

### c. *Qualified Immunity*

The only remaining claim in determining the instant motion is whether Sergeant Kunz

violated Defendants' Fourteenth Amendment rights. Sergeant Kunz has maintained that to the extent that summary judgment is denied for the claims set forth against him, he is entitled to qualified immunity for his actions. Generally, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations and quotation marks omitted). The theory of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. at 231. While the question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law" for the court, "when the issue of qualified immunity requires resolution of factual disputes, the court must defer consideration of immunity until the factual issues are resolved by a jury." *Zorbah v. Sch. Dist. of City of Philadelphia*, 2014 WL 535242, at *6 (E.D.Pa. Feb. 10, 2014) (citing *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007)).

Here, because the only issue remaining is whether Sergeant Kunz violated Plaintiffs' Fourteenth Amendment rights and the Court declines determining that issue due to a lack of briefing, the Court will also defer determining whether Sergeant Kunz is entitled to qualified immunity for his actions, should Plaintiffs survive summary judgment on their Fourteenth Amendment claim.

V.      **CONCLUSION**

For the foregoing reasons, Defendants motion for summary judgment is granted in part and temporarily denied in part. Specifically, the City's motion for summary judgment is granted in all respects and Sergeant Kunz's motion for summary judgment is granted in all respects

except for the limited issue surrounding whether he committed a violation of Plaintiffs' Fourteenth Amendment rights, in which further briefing is required as set forth below. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAINE JOHNSTON and | ) | |
| MATTHEW MAZZIE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-1689 |
| | ) | |
| CITY OF PITTSBURGH, PITTSBURGH | ) | Magistrate Judge Robert C. Mitchell |
| OFFICER GARRETT BROWN, and | ) | |
| PITTSBURGH POLICE SERGEANT | ) | |
| WILLIAM KUNZ | ) | |
| Defendants. | ) | |

## O R D E R

AND NOW, this 16th day of June 2014, after consideration of Defendants' Motion for Summary Judgment [ECF No. 55] and Brief in Support [ECF No. 56], Plaintiffs' Brief in Opposition [ECF No. 68] and Defendants' Reply [ECF No. 71], it is HEREBY ORDERED that Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **TEMPORARILY DENIED IN PART** as follows:

Defendant, City of Pittsburgh's Motion for Summary Judgment is **GRANTED** as to all claims;

Defendant, Sergeant William Kunz's Motion for Summary Judgment is **GRANTED** with respect to all claims except for Plaintiffs' 42 U.S.C. § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment rights, to which Defendant Kunz's motion for summary judgment is **TEMPORARILY DENIED**. Defendant Kunz is to submit briefing on this limited issue by June 30, 2014, Plaintiffs are to respond by July 14, 2014. Briefs are limited to ten (10) pages. Parties need not recount factual averments in their supplemental briefing, as such facts are sufficiently set forth in the original briefs and no extensions of time will be granted.

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc:     *via electronic filing CM/ECF*

   Steven M. Barth
   Barth & Associates
   P.O. Box 23627
   Pittsburgh, PA 15222

   Michael E. Kennedy
   City of Pittsburgh Department of Law
   313 City-County Building
   414 Grant Street
   Pittsburgh, PA 15219

   Daniel D. Regan
   City of Pittsburgh Department of Law
   Room 313 City-County Building
   414 Grant Street
   Pittsburgh, PA 15219-2285

   Bryan Campbell
   330 Grant Street
   Suite 2330
   Pittsburgh, PA 15219

   Allison N. Lachat
   Law Office of Bryan Campbell, Esq.
   2620 Grant Building
   330 Grant Street
   Pittsburgh, PA 15219