IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAINE JOHNSTON and<br>MATTHEW MAZZIE,<br>   Plaintiffs,<br><br>  vs.<br><br>CITY OF PITTSBURGH, PITTSBURGH<br>OFFICER GARRETT BROWN, and<br>PITTSBURGH POLICE SERGEANT<br>WILLIAM KUNZ<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-1689<br><br>Magistrate Judge Robert C. Mitchell |

**MEMORANDUM OPINION**

**ROBERT C. MITCHELL**, United States Magistrate Judge.

**I. INTRODUCTION**

On June 16, 2014, this Court entered an Order temporarily denying Defendant Kunz's motion for summary judgment as to Plaintiffs' 42 U.S.C. § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment rights, and ordering that supplemental briefing be submitted by the parties on that sole issue. Consistent with this Order, Defendant Kunz filed a supplemental brief on June 30, 2014, Plaintiffs filed a response on July 13, 2014 and Defendant Kunz filed a reply on July 21, 2014. For the following reasons, the Court will grant summary judgment in favor of Defendant Kunz for Plaintiffs' section 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment rights.

**II. ANALYSIS**

Because the factual and procedural backgrounds were discussed extensively in this Court's original memorandum opinion and order, *see Johnston v. City of Pittsburgh*, 2014 WL 2718818, at *1-*3 (W.D.Pa. June 16, 2014), and this memorandum serves only as a supplement

1

to the original memorandum opinion and order, those facts will not be reiterated here.

The remaining issue for discussion is whether Defendant Kunz is entitled to summary judgment for a Fourteenth Amendment due process violation brought under section 1983. Specifically, Plaintiff Johnston alleges that under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), Sergeant Kunz "lacked probable cause in issuing his affidavit of probable cause, criminal complaint and warrant for Plaintiff Johnston's arrest because he failed to disclose material information that contradicted Defendant Brown's version of events." *See* Pls.' Br. in Op to Mot. for Summ. J. [ECF No. 83] at 4. Plaintiff Johnston also argues that the evidence of record supports malicious prosecution and conspiracy claims against Sergeant Kunz. Plaintiff Johnston's latter argument ignores the fact that this Court has already granted summary judgment in Sergeant Kunz's favor for a claim of malicious prosecution and conspiracy, therefore these arguments are rejected and will not be addressed. *See Johnston*, 2014 WL 2718818, at *8-*9.

As for Plaintiff's remaining theory of recovery under section 1983, Plaintiff Johnston claims that his Fourteenth Amendment rights have been violated for Sergeant Kunz's alleged *Brady* violation.[1] Specifically, Plaintiff Johnston claims that Sergeant Kunz's failure to disclose material information that contradicted Defendant Brown's version of the events constituted a *Brady* violation.

As set forth by *Brady*, if the prosecution suppresses evidence "favorable to an accused

---

[1] Because no charges were brought against Plaintiff Mazzie, there is no basis for a constitutional violation based on the *Brady* doctrine. Additionally, Plaintiffs only apply this theory of recovery to Plaintiff Johnston as set forth in their brief. Therefore, summary judgment in favor of Sergeant Kunz is appropriate for a Fourteenth Amendment violation alleged by Plaintiff Mazzie.

2

upon request[,]" such suppression "violates due process[2] where the evidence is material either to the guilty or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Evidence is considered material if there is a "reasonable probability" that if the evidence was disclosed, the outcome of the underlying proceeding would have been different. *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006).

Simply stated, to establish a due process violation under *Brady*, the Plaintiff must show that "(1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment." *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006). The suppressed evidence can be impeachment as well as exculpatory evidence. *Smith v. Holtz*, 210 F.3d 186, 195 n. 11 (3d Cir. 2000).

However, a plaintiff's constitutional rights are "not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Id.* at 196 (quoting *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995)). *Brady* violations also extend to circumstances where it is alleged that a police officer fails to disclose or affirmatively conceals exculpatory evidence from the prosecution. *See Gibson v. Superintendent of NJ Dept. of Law and Public Safety*, 411 F.3d 427, 443 (3d Cir. 2005) (overruled on Fourteenth Amendment selective-enforcement grounds). Nevertheless, a police officer's failure "to disclose exculpatory or impeachment evidence to the prosecution does not itself constitute a violation of the Due Process Clause." *Gagliardi v. Fisher*, 513 F.Supp.2d 457, 491 (W.D.Pa. 2007) (citing *Smith*, 210 F.3d at 196). The undisclosed evidence must be "material" for purposes of the *Brady* inquiry. *Id.*; *Albrecht v. Horn*, 471 F.3d 435, 460 (3d Cir. 2006).

---

[2] While *Brady* violations can either be characterized as procedural or substantive due process violations, because the court finds that there is no *Brady* violation, it is not necessary to determine upon which theory Plaintiffs rests. *See Gagliardi*, 513 F.Supp.2d at 491.

3

Where a criminal defendant is acquitted of the charges against him, the undisclosed evidence is not material for purposes of a *Brady* inquiry, as it is not dispositive of the criminal defendant's guilt or punishment. *See Gagliardi*, 513 F.Supp.2d at 491; *United States v. Wirtz*, 357 F.Supp.2d 1164, 1171 (D.Minn. 2005).

Here, the facts are undisputed that all of the charges against Plaintiff Johnston were dismissed; therefore any evidence of his account of the facts that occurred was not material for purposes of *Brady*. Therefore, to the extent that Plaintiff Johnston alleges a Fourteenth Amendment due process violation based upon Sergeant Kunz's failure to include Plaintiff's version of the events, Defendant Kunz is entitled to summary judgment.

An appropriate Order follows.

## **O R D E R**

**AND NOW**, this 29th day of July, 2014, after consideration of Defendant's supplemental motion for summary judgment [ECF No. 82], Plaintiffs' response [ECF No. 83] and Defendant's reply [ECF No. 85],

**IT IS HEREBY ORDERED** that Defendant Kunz's motion for summary judgment as to Plaintiffs' 42 U.S.C. § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment rights is hereby **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs shall file a motion for default judgment against Defendant Brown by **August 12, 2014** or show cause as to why such motion is unnecessary.

By the Court,

/s Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

cc: *via electronic filing CM/ECF*

    Steven M. Barth
    Barth & Associates
    P.O. Box 23627
    Pittsburgh, PA 15222

    Michael E. Kennedy
    City of Pittsburgh Department of Law
    313 City-County Building
    414 Grant Street
    Pittsburgh, PA 15219

    Daniel D. Regan
    City of Pittsburgh Department of Law
    Room 313 City-County Building
    414 Grant Street
    Pittsburgh, PA 15219-2285

    Bryan Campbell
    330 Grant Street
    Suite 2330
    Pittsburgh, PA 15219

    Allison N. Lachat
    Law Office of Bryan Campbell, Esq.
    2620 Grant Building
    330 Grant Street
    Pittsburgh, PA 15219