IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAINE JOHNSTON and )
MATTHEW MAZZIE, )
                                                                             )
                Plaintiffs, )
                                                                             )
     vs. )               Civil Action No. 12-1689
                                                                             )
CITY OF PITTSBURGH, et al., )
                                                                             )
                Defendants. )

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.    RECOMMENDATION

On August 12, 2014, Plaintiffs, Blaine Johnston and Matthew Mazzie filed a Motion for Default Judgment [ECF No. 87] against Defendant Garrett Brown. A hearing on the matter was held on August 27, 2014. *See* Minute Entry of 8/27/2014 [ECF No. 89].

After careful review of Plaintiffs' Complaint, the testimony presented at the default judgment hearing and the evidence of record, for the reasons that follow, it is respectfully recommended that Plaintiffs' Motion for Default Judgment against Defendant Garrett Brown be granted and the Order set forth below regarding damages be entered against Defendant Brown.

### II.    REPORT

The Complaint in this matter was filed against, *inter alia*, Defendant Garrett Brown on November 16, 2012. Compl. [ECF No. 1]. Plaintiffs made various attempts to effectuate service on Defendant Brown, and on April 3, 2013, this Court granted Plaintiffs' motion to effectuate service by publication by posting the documents at Defendant Brown's residence. *See* Order of

April 4, 2013 [ECF No. 31]. Default was entered against Defendant Brown by the Clerk on May 13, 2013. *See* Clerk's Entry of Default [ECF No. 37]. Plaintiffs' civil rights claims were dismissed against the Defendants and the remaining claims against Defendant Johnston are state law claims of assault, battery and malicious prosecution, which this Court will, in the interests of justice and judicial economy, exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As the facts of this case have been set forth at length in this Court's Memorandum Opinion on Summary Judgment, they will not be recounted here and are incorporated as if fully set forth herein.[1] *See* Memorandum Opinion [ECF No. 81].

Plaintiffs filed a motion for default judgment against Defendant Brown on August 12, 2014 seeking compensatory and punitive damages. A hearing on that motion was held on August 27, 2014 at which Plaintiff Johnston was in attendance and presented testimony and evidence in support of his claim for damages. Plaintiff Mazzie was not in attendance at the hearing and no testimony was submitted on his behalf.

At the hearing, Plaintiff Johnston testified that he incurred economic damages in the amount of $302.00 – $150.00 attributable to court reporter costs and $152 attributable to parking costs – in connection with this case and the charges filed against him in state court. Additionally, he testified that he suffered from sleep deprivation, anxiety attacks, nausea and vomiting and complications to an aneurism as a result of the road rage incident, the false charges filed against him, and attending the preliminary hearing for those charges. He also testified that he suffered emotional distress as a result of Defendant Brown's actions.

Plaintiff Mazzie offered no evidence as to any economic damages, bodily harm or

---

[1] Additionally, as Defendant Brown has not answered any of the allegations in the Complaint, they are deemed admitted for purposes of this motion. Federal Rule of Civil Procedure 8(b)(6) ("**Effect of Failing to Deny**. An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

emotional distress he endured as a result of Defendant Brown's conduct.

Plaintiffs also seek punitive damages against Defendant Brown for his extreme and outrageous conduct displayed during the road rage incident. It is undisputed that Defendant Brown used his vehicle, a pick-up truck, to overtake Plaintiffs' vehicle numerous times, threw a handful of coins at Plaintiffs' vehicle, exited his vehicle in an irate manner yelling profanities at Plaintiffs, punched and broke the driver's side mirror and window and the back of the truck, opened the driver's side door and violently grabbed Plaintiff Johnston on his left arm, and drove his pick-up truck into the side of Plaintiffs' vehicle pushing Plaintiffs' vehicle off of the road.

Compensatory damages may be awarded for intentional torts with or without proof of pecuniary loss. *See generally* Restatement (Second) of Torts §§ 905-906. This includes "compensation for bodily harm and for emotional distress." *Id.* at § 905; *Little v. York Cnty. Earned Income Tax Bureau*, 481 A.2d 1194, 1197-98 (Pa.Super. 1984). Additionally, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (quoting Restatement (Second) of Torts § 908). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Empire Trucking Co., Inc. v. Reading Anthracite Coal, Co*., 71 A.3d 923, 937 (Pa.Super. 2013) (citing *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991)). When imposing punitive damages, the actor's state of mind "is vital. The act . . . must be intentional, reckless or malicious." *Id*. (quoting *Feld*, 485 A.2d at 748). Here, the conduct displayed by Defendant Brown's during the road rage incident was certainly intentional and reckless and arguably malicious such that punitive damages are appropriate.

Accordingly, based upon the undisputed facts and the testimony presented at the hearing, it is respectfully recommended that the following Order be entered:

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment is GRANTED as follows:

1. Plaintiff Blaine Johnston has proven by a preponderance of the evidence that Defendant is liable to Plaintiff Johnston for assault, battery and malicious prosecution and caused Plaintiff economic damages in the amount of $302.00. Additionally, the Court finds that Plaintiff Johnston is entitled to an amount of $5000.00 for bodily harm and emotional distress caused by Defendant Brown's conduct.

2. Plaintiff Mazzie has proven by a preponderance of the evidence that Defendant Brown is liable to Plaintiff Mazzie for assault and battery. However, there is no evidence that Plaintiff Mazzie suffered economic damages, bodily harm or emotional distress and damages will not be awarded.

3. Plaintiffs have proven by a preponderance of the evidence that they are entitled to punitive damages for the extreme and outrageous conduct exhibited by Defendant Brown. Plaintiff Johnston is awarded $5000.00 in punitive damages and Plaintiff Mazzie is awarded $5000.00 in punitive damages.

4. The Clerk shall hereby enter judgment on behalf of Plaintiff Blaine Johnston in the amount of $10,302.00, and shall enter judgment on behalf of Plaintiff Matthew Mazzie in the amount of $5000.00, with costs taxed to the Defendant.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days

from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge